

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CASE NO. 1:15-CR-128(3)** |
| | § | |
| **JALEN JUWAN HARDIN** | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e).  The United States alleges that the defendant, Jalen Juwan Hardin, violated conditions of supervised release imposed by United States District Judge Ron Clark.  The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #181) requesting the revocation of the defendant's supervised release.  The Court conducted a hearing on December 27, 2018, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1.  The defendant was present and represented by counsel at the hearing.  Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

1

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that her plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On April 15, 2016, The Honorable Ron Clark of the Eastern District of Texas sentenced the defendant after he pled guilty to the offense of Conspiracy With Intent to Distribute Crack Cocaine, a Class C felony. Judge Clark sentenced Mr. Hardin to 21 months imprisonment, to be followed by three (3) years of supervision subject to the standard conditions of release, plus special conditions to include financial disclosure, drug and mental health aftercare, obtain a GED, and a $100 special assessment. On June 29, 2017, the defendant completed his period of imprisonment and began service of the supervision term. On December 14, 2018, the case was reassigned to United States District Judge Marcia A. Crone.

### B. Allegations in Petition

The United States Probation Office alleges that the defendant violated the following

standard condition of release:

*The defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month. .*

Specifically, the petition alleges that Mr. Hardin was instructed to report to the U.S. Probation Office on December 6, 2017, at 8:30 a.m. He failed to report as directed. As such, contact was made with is mother at her residence and she advised she would have him report to the U.S. Probation Office on December 20, 2017, at 8:30 a.m. Additionally, a letter was left with his mother to give him to advise to report on that date, and a text message was left on the number he listed as his personal mobile phone. Mr. Hardin failed to report as instructed. He also was instructed to submit a monthly report form by the 5th of each month while serving this term of supervised release. Mr. Hardin has never submitted a report form as directed. His current whereabouts are unknown.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegation in the petition to revoke. If the case proceeded to a contested hearing, the Government would proffer evidence supporting the specific allegations in the petition, including that Mr. Hardin failed to report on December 6 and 20, 2017, as instructed by his probation officer. The evidence would also show that he failed to submit monthly report forms as ordered.

Defendant, Jalen Juwan Hardin , offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that failed to report to his probation officer as directed in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervised release by failing to report. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of II and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 4 to 10 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years. *See* 18 U.S.C. § 3583(e)(3).

If the Court revokes a defendant's term of supervision and orders the defendant to serve a term of imprisonment for that revocation, the Court may also require that the defendant be placed on a new term of supervised release. *See* 18 U.S.C. § 3583(h). The length of this term of supervised release shall not exceed the term of supervised release authorized by statute for the offense which resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. *Id.* In this case, the authorized term of supervised release by statute is not more than three (3) years. *See* 18 U.S.C. § 3583(a)&(h).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as

4

an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant committed a Grade C violation of his supervision conditions by failing to report to his probation officer as required. Mr. Hardin pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant, Jalen Juwan Hardin, to serve a term of **six (6) months imprisonment**. The undersigned also recommends that the defendant receive credit for any back time due to him.

The Court further recommends that, upon release from prison, the defendant serve a new term of **two (2) years** supervised release. The new term of supervision should be subject to the same mandatory, standard and special conditions adopted by the Court and imposed in the original judgment of conviction. The Court further finds that the special conditions stated in the judgment originally imposed by the District Court are still relevant based on the record of the

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

case and the evidence submitted by the Probation Office in conjunction with the petition to revoke.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 27th day of December, 2018.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE